**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARVIN SHANNON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-00506 JAR |
| | ) | |
| DEVIN ELLIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Protective Order. (Doc. No. 23) Defendants oppose the motion. (Doc. No. 27)

### I.      Background

This action arises out of a rear impact vehicle accident. Plaintiff claims extensive injuries resulting from the accident, "including pain in his left arm, right arm, neck and back; medical and other healthcare related expenses have been incurred and in connection with said injuries Plaintiff will in the future incur additional monies for further medical care and services; all the aforesaid injuries are permanent and progressive and greatly interfere with Plaintiff's ability to enjoy life and he has and will continue to suffer pain and discomfort." (First Amended Petition, Doc. No. 13 at ¶ 7) Pursuant to this Court's Case Management Order (Doc. No. 19), Defendants requested an order for physical examination of Plaintiff (Doc. No. 21), which this Court granted on September 1, 2018 (Doc. No. 22). Plaintiff has moved for a protective order limiting the scope of Defendants' physical examination of Plaintiff. Specifically, Plaintiff requests that:

(i)       Plaintiff's counsel be present at the examination;
(ii)      the examination be videotaped and/or audiotaped;
(iii)     the exam be limited to Plaintiff's neck, back, and left and right arms;

(iv)     Plaintiff will not be required to complete any forms on behalf of the examiner; and

(v)      Plaintiff will not be required to answer any questions outside the presence of his attorney.

(Doc. No. 23 at 2) For the following reasons, Plaintiff's motion for protective order will be denied in all respects.

## II.     Legal standard

Under Rule 35, a court has discretion to order a party whose mental or physical condition is in controversy to "submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a). In exercising its discretion, a court may set terms and conditions for the examination. 7 Moore's Federal Practice, § 35.05[4] (Matthew Bender 3d ed.). In fact, Rule 35(a)(2)(B) requires the examination order to "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B).

Likewise, Rule 26(c) provides authority for appropriate conditions upon the examination. Hertenstein v. Kimberly Home Health Care, Inc., 189 F.R.D. 620, 624 (D. Kan. 1999). Upon a showing of good cause, the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The party seeking a protective order, however, has the burden to show good cause for it. Hertenstein, 189 F.R.D. at 624 (citing Sentry Ins. v. Shivers, 164 F.R.D. 255, 256 (D. Kan. 1996)).

## III.    Discussion

### Presence of counsel/recording the examination

Plaintiff urges the Court to allow his counsel to be present during the examination and to allow the examination to be videotaped and/or audiotaped. Plaintiff argues the examiner was

chosen solely by Defendants without Plaintiff's approval. He contends that allowing counsel to be present and the exam to be recorded will minimize the effect of "potential improper ex parte contact" with Defendants. Defendants argue that allowing attorneys or a recording device in an independent medical exam is inappropriate and injects an adversary character into what should otherwise be an objective inquiry, Hertenstein, 189 F.R.D. at 629 (citing Dodd-Anderson v. Stevens, Nos. 92-1015-MLB, 92-1016-MLB, 1993 WL 273373 (D. Kan. May 4, 1993)).

Although there is authority for permitting third parties or recordings of Rule 35 examinations, the party seeking to have an observer present bears the burden of demonstrating "good cause" for the request under Rule 26(b), Fed. R. Civ. P., as the presence of a third party is not typically necessary or proper. Tarte v. United States, 249 F.R.D. 856, 859 (S.D. Fla. 2008) (citation omitted). Indeed, courts have held that the presence of a third party or recording device, which is analyzed in the same way that the presence of an observer is considered, "subvert[s] the purpose of Rule 35, which is to put both the plaintiff and defendant on an equal footing with regard to evaluating the plaintiff's [medical] status." Id. (quoting Favale v. Roman Catholic Diocese of Bridgeport, 235 F.R.D. 553, 557 (D. Conn. 2006)). See also Romano v. II Morrow, Inc., 173 F.R.D. 271 (D. Or. 1997), where the court articulated the reasons for prohibiting third parties at an examination:

> [A]n observer, a court reporter, or recording device would constitute a distraction during the examination and work to diminish the accuracy of the process. [An observer could] potentially distract the examining [physician] and examinee thereby compromising the results of the examination. Moreover, the presence of the observer interjects an adversarial, partisan atmosphere into what should be otherwise a wholly objective inquiry . . . The Court finds that the presence of the observer would lend a degree of artificiality to the examination that would be inconsistent with the applicable professional standard.

Id. at 273-74 (quoting Shirsat v. Mutual Pharm. Co., 169 F.R.D. 68, 70–71 (E.D. Pa. 1996)).

As to whether a party is entitled to have his attorney present during a Rule 35 examination, federal courts are divided on the issue. See Tomlin v. Holecek, 150 F.R.D. 628, 631 (D. Minn. 1993). However, the greater weight of authority favors the exclusion of a plaintiff's attorney from the conduct of a Rule 35 examination. Id. (collecting cases); see also 7 Moore's Federal Practice, § 35.08[1]. "Were we to honor the Plaintiff's request, that his counsel be present during the [independent medical examination] or that a tape-recording of the [exam] be preserved . . . we would be endorsing, if not promoting, the infusion of the adversary process into the [physician's] examining room to an extent which is . . . inconsistent with the just, speedy and inexpensive resolution of civil disputes, and with the dictates of Rule 35." Tomlin, 150 F.R.D. at 633-34.

Here, Plaintiff has failed to provide the Court with any special circumstances or concerns that would provide adequate justification for permitting his counsel to be present during the examination or recording the examination. Plaintiff asserts that the presence of an observer would minimize the effect of "potential improper ex parte contact" with Defendants. However, a plaintiff's "concerns about potential misconduct are unsupported by any facts and cannot constitute 'good cause' for the presence of a third party witness or a tape recording." Favale, 235 F.R.D. at 556. The Court will deny Plaintiff's motion for a protective order with regard to these conditions.

**Limitations on the scope of examination and questions**

Plaintiff asks that the examination be limited to his neck, back, and left and right arms and that he not be required to complete any forms on behalf of the examiner or answer any questions outside the presence of his attorney. Plaintiff contends that any questioning regarding previous treatment, other body parts, or facts unrelated to his neck, back and arms is an improper

use of an independent medical exam. Defendants argue they have reason to believe that Plaintiff has extensive preexisting injuries to these areas of his body and medical conditions – although not centered in these areas – which affect his neck, back and arms. Defendants further argue they are entitled to explore the full nature and extent of Plaintiff's claims of injuries and that restricting the examining physician's ability to communicate with Plaintiff would unduly restrict the examiner's ability to obtain information needed to reach medical conclusions. The Court agrees.

Questions the physician must ask during an examination, and particularly follow-up questions, cannot be determined in advance and therefore cannot be restricted by the Court. See, e.g., Romano, 173 F.R.D. at 273 (court refused to prohibit examining physician from taking oral medical history or otherwise questioning plaintiff during examination); 7 Moore's Federal Practice, § 35.05[4]. See also Goggins v. State Farm Mut. Auto. Ins. Co., No. 3:10-CV-00826-J-20JBT, 2011 WL 1660609, at *3 (M.D. Fla. May 3, 2011) ("Defendant's examiner should, within reason, be able to inquire both orally and in writing into Plaintiff's medical history as part of his examination. Thus, Plaintiff must complete all reasonable paperwork and answer all reasonable questions about her medical history in the context of her Rule 35 examination.").

Gade v. State Farm Mut. Auto. Ins. Co., No. 5:14-CV-00048-CR, 2015 WL 12964613 (D. Vt. Jan. 2, 2015), is instructive. In Gade, plaintiff sought to limit the scope of her examination to the medical conditions, part of the body, and injuries in controversy, i.e., her cervical spine. The plaintiff also requested that she not be asked to discuss her medical history relating to parts of her body "not at issue or in controversy in this action." Id. at *4. The court denied plaintiff's motion for a protective order, explaining that during Rule 35 examinations, "courts often allow routine procedures" and "a review of medical history assists the doctor in his

or her evaluation." Id. at *4 (quoting Tarte, 249 F.R.D. at 860. "[F]or the court to intervene and limit the type of examination an expert has indicated is necessary in order to analyze plaintiff's claims would subvert the truth finding function inherent in Rule 35 examinations." Id. (quoting Abdulwali v. Washington Metro Area Transit Auth., 193 F.R.D. 10, 15 (D.D.C. 2000)). The Gade court held that in establishing plaintiff's overall health and the degree to which her alleged conditions impact her life, it was permissible for the examining physician to ask about her general health and her condition prior, during, and after the accidents which she alleges caused her damages. However, the court also ruled that plaintiff should not be examined or questioned regarding health conditions "wholly unrelated to her lawsuit." Id. at *5.

The Court will therefore deny Plaintiff's motion for a protective order with regard to these conditions; however, Plaintiff's examination should be limited to the issues raised in his complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Protective Order [23] is **DENIED.**

Dated this 1st day of October, 2018.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**