UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARVIN SHANNON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-CV-00506 JAR |
| | ) |
| DEVIN ELLIS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint. (Doc. No. 102). For the following reasons the motion will be denied.

**Background**

On May 3, 2018, Plaintiff filed his First Amended Complaint alleging claims against Frito-Lay and its former driver, Devin Ellis, arising from an automobile accident on August 10, 2014. Plaintiff's First Amended Complaint includes a negligence claim against Ellis and Frito-Lay (Count I), and claims for vicarious liability (Count II) and negligent hiring-retention (Count III) against Frito-Lay. (First Amended Complaint ("FAC"), Doc. No. 13). Frito-Lay has admitted Ellis was its employee and acting within the course and scope of his employment at the time of the accident. (Defendants' Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, Doc. No. 15 at ¶ 1).

On September 27, 2019, Plaintiff served Defendants with a Notice of Deposition for a Frito-Lay corporate representative pursuant to Fed. R. Civ. P. 30(b)(6). The deposition was scheduled for October 15, 2019, the discovery deadline. (Doc. No. 60). Plaintiff identified 14 topics for deposition testimony, as well as 16 categories of documents, stating that "[i]f any

documents responsive to the requests have been previously produced, such documents need not be produced." While preparing for the Rule 30(b)(6) deposition, Frito-Lay identified an additional 145 pages of documents to be produced pursuant to the Rule 30(b)(6) Notice and produced those documents on October 15, 2019, immediately prior to the corporate representative's deposition.

On October 23, 2019 Plaintiff filed a motion for sanctions based on Frito-Lay's late disclosures. (Doc. No. 84). The Court held a hearing on November 21, 2019 and granted Plaintiff's motion in part. The Court ordered Frito-Lay to reproduce Ellis and its corporate representative for deposition at Frito-Lay's cost and expense.[1] (Doc. No. 97).

On December 2, 2019, Frito-Lay filed a Motion for Partial Summary Judgment on Plaintiff's negligent hiring-retention claim (Count III) on the grounds that Frito-Lay has admitted that Ellis was acting within the course and scope of his employment at the time of the accident. Therefore, under Missouri law, it is improper to allow Plaintiff to proceed against Frito-Lay on another theory of imputed liability. See McHaffie v. Bunch, 891 S.W. 822, 826 (Mo. banc. 1995).

In response to Frito-Lay's summary judgment motion, Plaintiff filed a Motion for Leave to File a Second Amended Complaint pursuant to Fed. R. Civ. P. 16(b)(4) seeking to add claims for negligent training and supervision against Frito-Lay and a claim for punitive damages against all Defendants. (Doc. No. 102). Defendants oppose the motion, arguing that Plaintiff has failed to establish the requisite "good cause" under Rule 16(b). In addition, Defendants maintain that the new claims Plaintiff seeks to add would be futile and that permitting Plaintiff to amend his complaint at this time would cause them undue prejudice.

---

[1] Both depositions were scheduled for January 13, 2020. (Doc. No. 98).

**Legal standard**

It is well established that a "motion for leave to amend filed outside the district court's Rule 16(b) scheduling order requires a showing of good cause." Kmak v. American Century Cos., Inc., 873 F.3d 1030, 1034 (8th Cir. 2017) (quoting Williams v. TESCO Servs., Inc., 719 F.3d 968, 977 (8th Cir. 2013)). "The primary measure of good cause is the movant's diligence." Id. (quoting Harris v. FedEx Nat'l LTL, Inc., 760 F.3d 780, 786 (8th Cir. 2014)). Courts generally do not consider prejudice to the nonmoving party if the party seeking leave to amend has not been diligent in meeting the case management order's deadlines. Id. (quoting Hartis v. Chicago Title Ins. Co., 694 F.3d 935 948 (8th Cir. 2012)). Furthermore, it is not an abuse of discretion to deny a motion to amend the pleadings where the nonmoving party has moved for summary judgment. See Davis v. City of St. John, 182 Fed. App'x. 626, 627 (8th Cir. 2006) (unpublished per curiam) (affirming denial of leave to amend where plaintiffs sought to amend their complaint eight months after the Case Management Order's deadline for amendment of pleadings).

**Discussion**

Pursuant to the initial Case Management Order, the deadline for amending pleadings was August 1, 2018, more than sixteen (16) months ago. (Doc. No. 19). Thus, Plaintiff must show good cause for the amendment under Rule 16(b)(4). Kmak, 873 F.3d at 1034. As stated above, the primary measure of good cause under Rule 16(b) is the plaintiff's diligence in attempting to meet the Case Management Order's requirements. Sherman v. Winco Fireworks, Inc., 531 F.3d 709, 716–17 (8th Cir. 2008). The Eighth Circuit "cases reviewing Rule 16(b) ruling focus in the first instance (and usually solely) on the diligence of the party who sought the modification of the order." Id.

Here, Plaintiff states he is seeking leave to amend his complaint a second time "because discovery was only recently completed, and because the new additional documents and materials that were untimely disclosed to Plaintiff contained new evidence supportive for [his] proposed Second Amended Complaint." (Doc. No. 102 at ¶ 2). Plaintiff points to several discovery issues and delays in this case which, through no fault of his own, prevented him from completing the deposition of Frito-Lay's corporate representative until October 15, 2019, and resulted in the late disclosure of additional discovery materials. The Court acknowledges the history of discovery issues in this case – some due to Frito-Lay – but notes that those have largely been resolved. In any event, Plaintiff did not promptly move to amend his complaint at the completion of the October 15, 2019 depositions based on new facts acquired during the course of that discovery, and instead filed a motion for sanctions. It was not until Frito-Lay had moved for partial summary judgment in December 2019 that Plaintiff filed his proposed second amended complaint.

"A district court acts 'within its discretion' in denying a motion to amend which makes no attempt to show good cause." Harris, 760 F.3d at 786. The Court finds Plaintiff was not diligent in meeting the Case Management Order's deadline where he seeks leave to amend almost sixteen months past the deadline. Plaintiff has made no attempt to explain the delay in seeking amendment, or to show good cause under Rule 16(b)(4) for his delay. Plaintiff's motion for leave to amend will therefore be denied.

While any prejudice to the nonmoving party resulting from amendment may generally be a relevant factor, the Eighth Circuit has stated it "will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." Sherman, 532 F.3d at 717. Here, Plaintiff has not shown diligence and Defendants have articulated prejudice: granting Plaintiff's amendment would result in undue delay and prejudice to Defendants by incurring new rounds of

discovery and potentially depriving it of a ruling on its motion for summary judgment. See Kmak, 873 F.3d at 1034–35. The prejudice that would result to Defendants offers an additional reason to deny Plaintiff's motion for leave.

Finally, Defendants contend that Plaintiff's proposed amendment would be futile. See Popoalii v. Correctional Medical Services, 512 F.3d 488, 497 (8th Cir. 2008) (a district court may properly deny a motion to amend a pleading if the amendment would be futile). As a general rule, a plaintiff is not allowed to pursue claims against an employer asserting alternative theories of liability in cases where, as here, the employer has admitted to respondeat superior liability for its employee's negligence. McHaffie, 891 S.W.2d at 826; Wilson v. Image Flooring, LLC, 400 S.W.3d 386, 391-94 (Mo. Ct. App. 2013). This rule is subject to an exception when the plaintiff brings a claim for punitive damages against the employer. Bell v. Redjal, 569 S.W.3d 70, 81-82 (Mo. Ct. App. 2019) (citing Wilson, 400 S.W.3d at 391-94; McHaffie, 891 S.W.2d at 826).

To invoke the punitive damages exception, however, a plaintiff must specifically plead facts indicating that the defendant "willfully, wantonly, or maliciously injured the plaintiff by its tortious act." Wilson, 400 S.W.3d at 393-94 (internal quotation omitted). In his proposed Second Amended Complaint, Plaintiff alleges that Frito-Lay's actions/omissions in screening, investigating and hiring its drivers, including Ellis, and violations of the Federal Motor Carrier Safety Regulations, were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiff. It is questionable whether these facts satisfy the requirement of the punitive damages exception, particularly since Frito-Lay has admitted respondeat superior liability. Regardless, because Plaintiff has failed to demonstrate the requisite good cause under Rule 16(b), Plaintiff's motion for leave to amend will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint [102] is **DENIED.**

**IT IS FURTHER ORDERED** that within twenty-one (21) days from the date of this Order, and **no later than Tuesday, February 11, 2020**, Plaintiff shall file a response to Defendant Frito-Lay's Motion for Partial Summary Judgment. Any reply shall be filed **no later than Tuesday, February 25, 2020.**

Dated this 21st day of January, 2020.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**